IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| A PTY LTD., | § | |
|     Plaintiff, | § | |
| V. | § | 1-15-CV-156 RP |
| FACEBOOK, INC., | § | |
|     Defendant | § | |

# ORDER

Before the Court are the Motion to Dismiss of Defendant Facebook, Inc., filed May 1, 2015 (Clerk's Dkt. #19), and the responsive pleadings thereto. Having considered the motion, responsive pleadings, the record in the case, and the applicable law, the Court issues the following order.

## I. BACKGROUND

Plaintiff A Pty Ltd. ("A Pty") brings this action alleging defendant Facebook, Inc. ("Facebook") has infringed on a patent (the "'572 Patent") held by A Pty.[1] According to A Pty, the '572 Patent

> is generally directed towards a method for conveying email messages, where the email message includes an address field that is different from the unique address of the intended recipient of the email message. The email message can include an address field that is a descriptor of the intended recipient of the email message, rather than the account name of the recipient. The method further involves locating in a database of descriptors and email addresses the email address associated with the descriptor and forwarding the message to the email address yielded by the database.

(Orig. Compl. ¶ 7). A Pty alleges Facebook has infringed one or more claims of the '572 Patent, at a minimum by "making, having made, providing, using, and/or distributing their communications platform that enables users to contact and convey email messages to sellers via a descriptor of the

---

[1] Plaintiff simultaneously filed separate suits against eBay, Inc., Facebook, Inc., HomeAway, Inc. and Google, Inc. asserting each of those entities also infringed on the '572 Patent.

intended recipient."  (*Id*. ¶ 11).

Defendant has now filed a motion to dismiss Plaintiff's claim for patent infringement.  Defendant argues Plaintiff is not entitled to relief because the '572 Patent claims are not patent eligible under 35 U.S.C. § 101 ("Section 101") as they are nothing more than the embodiment of an abstract idea and thus not patentable.[2]

## II.  STANDARD OF REVIEW

When evaluating a motion to dismiss for failure to state a claim under Rule 12(b)(6) the complaint must be liberally construed in favor of the plaintiff and all facts pleaded therein must be taken as true.  *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).  Although Federal Rule of Civil Procedure 8 mandates only that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief," this standard demands more than unadorned accusations, "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement." *Bell Atl. v. Twombly*, 550 U.S. 544, 555 (2007).  Rather, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."  *Id.* at 570.  The court must initially identify pleadings that are no more than legal conclusions not entitled to the assumption of truth, then assume the veracity of well-pleaded factual allegations and determine whether those allegations plausibly give rise to an entitlement to relief.  If not, "the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting FED. R. CIV. P. 8(a)(2)).

---

[2] The accused defendants, with the exception of Google, Inc., have filed identical motions in each case filed by A Pty asserting infringement of the '572 Patent.  Google, Inc. has also moved to dismiss on the basis the '572 Patent is addressed to an abstract idea.

### III.  RELEVANT LAW

The Supreme Court has made clear that "[l]aws of nature, natural phenomena, and abstract ideas are not patentable." *Association for Molecular Pathology v. Myriad Genetics, Inc.*, 133 S. Ct. 2107, 2116 (2013).  The Supreme Court has established a two-step analytical framework for distinguishing patents that claim patent-ineligible laws of nature, natural phenomena, and abstract ideas from those that claim patent-eligible applications of those concepts.  *Mayo Collaborative Servs. v. Prometheus Labs., Inc.*, 132 S. Ct. 1289, 1294 (2012).  First, the court must determine whether the claims at issue are directed to a patent-ineligible abstract idea.  *Id*. at 1296-97.  If so, the court then considers the elements of each claim both individually and "as an ordered combination" to determine whether the additional elements "transform the nature of the claim" into a patent-eligible application of that abstract idea.  *Id*. at 1297-98.

The Supreme Court recently applied this framework to a patent involving computer software in *Alice Corp. v. CLS Bank Int'l*, 134 S. Ct. 2347 (2014).  In *Alice*, the asserted patent claimed a software-implemented means of mitigating settlement risk by using a third-party intermediary. Applying the two-step framework, the Court first found the concept of intermediated settlement was an abstract idea long prevalent in financial practices.  *Id*. at 2356 (describing the concept as "a fundamental economic practice" and a "building block of the modern economy").  In turning to the second step the Court explained that "[t]he introduction of a computer into the claims does not alter the analysis."  *Id*. at 2357 (citing *Mayo* as holding "simply implementing a mathematical principle on a physical machine, namely a computer, [i]s not a patentable application of that principle").  The Court summarized its prior cases as demonstrating "that mere recitation of a generic computer cannot transform a patent-ineligible abstract idea into a patent-eligible invention."  *Id*. at 2358. Notably, the Court did not reject all software-based patents, stating "many computer-implemented claims are formally addressed to patent-eligible subject matter," and specifically suggested claims

which "improve the functioning of the computer itself" or "any other technology" are patent eligible. *Id*. at 2359.

## IV.  DISCUSSION

Facebook contends the '572 Patent is nothing more than a computerized version of the ages-old concept of an address directory. Plaintiff contends dismissal is improper because it is premature, and also because the claims of the '572 Patent are patent eligible.

### A. Prematurity

Plaintiff first argues the motion to dismiss is premature because it asks this Court to rule on the validity of unasserted claims. Plaintiff contends the Court thus either lacks jurisdiction to make the determination at this point, or would waste judicial resources by analyzing the matter at this early stage.

As Plaintiff points out, the Federal Circuit has made clear that a court lacks jurisdiction to decide the validity of unasserted claims. *See Fox Grp., Inc. v. Cree, Inc.*, 700 F.3d 1300, 1308 (Fed. Cir. 2012) ("There was no case or controversy with respect to the unasserted claims at the time of the summary judgment motions; therefore the district court did not have jurisdiction over the unasserted claims"). *See also Plantronics, Inc. v. Aliph, Inc.*, 724 F.3d 1343, 1357 n.3 (Fed. Cir. 2013) (noting district court erred to the extent it invalidated unasserted claims or claims not at issue in the motion before it, citing decision in *Fox Grp.*). Plaintiff maintains Defendant's motion to dismiss asks the Court to determine the validity of all forty-nine claims of the '572 Patent, but Plaintiff contends it has not asserted, and does not intend to assert, all forty-nine claims.

While Plaintiff is the master of its complaint, it cannot employ artful pleading to evade judicial review. Plaintiff here has alleged Defendant "has infringed and continues to directly infringe one or more claims of the '572 Patent." (Orig. Compl. ¶ 11). Plaintiff further alleges, "[a]t a minimum," Defendant is infringing "at least Claim 1" of the '572 Patent. *Id*. There is nothing in

Plaintiff's complaint which indicates Plaintiff is not, and does not intend to, assert each and every claim of the '572 Patent. The Court thus concludes Plaintiff has not shown it lacks jurisdiction to review Defendant's motion to dismiss.

Nor is Plaintiff's contention that judicial resources are wasted by early consideration of patent eligibility a sufficient basis to decline to address Defendant's motion to dismiss. Patent eligibility is well-recognized as a "threshold test" in evaluating patent validity. *Bilski v. Kappos*, 561 U.S. 593, 602 (2010); *Dealertrack, Inc. v. Huber*, 674 F.3d 1315, 1333 n.3 (Fed. Cir. 2012) (noting Supreme Court characterizes patent eligibility as a "threshold test"); *Classen Immunotherapies, Inc. v. Biogen IDEC*, 659 F.3d 1057, 1064 (Fed. Cir. 2011) (pointing out difference between "the threshold inquiry of patent-eligibility, and the substantive conditions of patentability"). Moreover, the Federal Circuit has encouraged district courts to assess patent eligibility "at the outset of litigation" specifically for the purpose of "conserv[ing] scarce judicial resources." *OIP Tech., Inc. v. Amazon.com, Inc.*, 788 F.3d 1359, 1364 (Fed. Cir. 2015) (Mayer, J., concurring).

The Court thus concludes Plaintiff has not shown consideration of patent eligibility is per se premature in the context of a motion to dismiss. Accordingly, the Court will turn to whether Defendant has shown dismissal is appropriate in this case.

### B. Patent Eligibility

#### 1. Abstract Idea

As set forth above, the Supreme Court has instructed that the first step in addressing patent eligibility is to determine whether the claims at issue are directed to an abstract idea. *Alice*, 134 S. Ct. at 2350. Defendant maintains the '572 Patent is invalid because it is directed to the abstract idea of using information in a message's destination address to look up the recipient's correct address. Defendant characterizes the '572 Patent as nothing more than a computer version of the longstanding idea of using an address book.

Defendant is correct that simply computerizing an abstract idea does not render the concept patent eligible.  See *Alice*, 134 S. Ct. at 2359 (concluding claims that "simply instruct[ed] the practitioner to implement the abstract idea of intermediated settlement on a generic computer" not patent eligible); *Ultramercial, Inc. v. Hulu, LLC*, 772 F.3d 709, 715–16 (Fed. Cir. 2014) (claims that merely recited abstract idea of using advertising as a currency as applied to the particular technological environment of the Internet not patent eligible); *buySAFE, Inc. v. Google, Inc.*, 765 F.3d 1350, 1355 (Fed. Cir. 2014) (claims reciting no more than using computer to send and receive information over network in order to implement abstract idea of creating a "transaction performance guaranty" not patent eligible); *Accenture Global Servs., GmbH v. Guidewire Software, Inc.*, 728 F.3d 1336, 1344–45 (Fed. Cir. 2013) (claims reciting "generalized software components arranged to implement an abstract concept [of generating insurance-policy-related tasks based on rules to be completed upon the occurrence of an event] on a computer" not patent eligible).  But the Supreme Court has also recognized that, "at some level, all inventions embody, use, reflect, rest on, or apply abstract ideas." *Id*. at 2345.  And, as the Federal Circuit has noted, "[d]istinguishing between claims that recite a patent-eligible invention and claims that add too little to a patent-ineligible abstract concept can be difficult." *DDR Holdings, LLC v. Hotels.com, L.P.*, 773 F.3d 1245, 1255 (Fed. Cir. 2014).

Plaintiff here relies heavily on the conclusion of *DDR Holdings* in contending the '572 Patent is more than an abstract idea.  In that case, the Federal Circuit found that "a business challenge (retaining website visitors) that is particular to the Internet" did not fall within the scope of an abstract idea as defined by *Alice*.  *DDR Holdings*, 773 F.3d at 1257.  The court found the claims at issue

> stand apart because they do not merely recite the performance of some business practice known from the pre-Internet world along with the requirement to perform it on the Internet. Instead, the claimed solution is necessarily rooted in computer technology in order to overcome a problem specifically arising in the realm of computer networks.

6

*Id*.  A Pty maintains that the '572 Patent is valid because, much like in *DDR Holdings*, any supposed pre-Internet analogue of the claims did not have to account for the near-instantaneous communication that is now standard on the Internet and is therefore patent eligible.

The analysis is complicated by the fact that, at this initial stage, the Court is presented with nothing more than the Plaintiff's complaint and the patent.  Of necessity, the parties are arguing at a level of generality regarding the claims which renders the Court unable to determine whether the '572 Patent is more akin to the claims at issue in *Alice* or those in *DDR Holdings*.  At this initial stage, the Court cannot say, as a matter of law, that the '572 Patent claims only an abstract idea.

### 2. Inventive Concept

Defendant also contends the '572 Patent is not patent-eligible because the abstract idea at the heart of the patent is not accompanied by an inventive concept rendering the idea patent-eligible.  In searching for an inventive concept, courts "consider the elements of each claim both individually and as an ordered combination to determine whether the additional elements transform the nature of the claim into a patent-eligible application."  *Alice*, 134 S. Ct. at 2355. The inventive concept must "ensure that the patent in practice amounts to significantly more than a patent upon the [abstract idea] itself."  *Id*.  Rather, the claims must include "additional features" beyond "well-understood, routine, conventional activity."  *Ultramercial*, 772 F.3d at 715 (quoting *Mayo*, 132 S. Ct. at 1298).

It is a "bedrock principle" of patent law that an invention is defined by claims of the patent. *Phillips v. AWH Corp*., 415 F.3d 1303, 1312 (Fed. Cir. 2005).  Thus, ordinarily, it is "desirable–and often necessary–to resolve claim construction disputes prior to a § 101 analysis, for the determination of patent eligibility requires a full understanding of the basic character of the claimed subject matter."  *Bancorp Servs., L.L.C. v. Sun Life Assur. Co. of Canada (U.S.)*, 687 F.3d 1266, 1273–74 (Fed. Cir. 2012), *cert. denied*, 134 S. Ct. 2870 (2014).

On the other hand, claim construction is not necessarily required to resolve a motion based on Section 101 eligibility. *See Id.* at 1273 ("no flaw in the notion that claim construction is not an inviolable prerequisite to a validity determination under [Section] 101"); *see also CyberFone Sys., LLC v. CNN Interactive Grp., Inc.*, 558 F. App'x 988, 992 n.1 (Fed. Cir. 2014) ("There is no requirement that the district court engage in claim construction before deciding [Section] 101 eligibility"). District courts are divided on the necessity of claim construction prior to determining the eligibility of patents that rely on computer implementation. Court have found claim construction unnecessary when "the basic character of a Section 101 dispute is clear to the district court." *Genetic Tech. Ltd. v. Lab. Corp. of AmericaHoldings*, 2014 WL 4379587, at *6 (D. Del. Sept. 3, 2014); *see also Cardpool, Inc. v. Plastic Jungle, Inc.*, 2013 WL 245026, at *4 (N.D. Cal. Jan. 22, 2013) (when "the basic character of the claimed subject matter is readily ascertainable from the face of the patent" claim construction is not necessary). Claim construction has also been found unnecessary when a patent's claims are "straightforward" and "[n]o components are opaque such that claim construction would be necessary to flush out its contours." *Lumen View Tech. LLC v. Findthebest.com, Inc.*, 984 F. Supp. 2d 189, 205 (S.D.N.Y. 2013). Other courts have declined to dismiss prior to claim construction if it is possible to read the claims as stated to cover patent-eligible subject matter, or if the parties dispute key terms of a patent. *See Data Distrib. Tech., LLC v. BRER Affiliates, Inc.*, 2014 WL 4162765, at *6 (D.N.J. Aug. 19, 2014) (declining to grant early dismissal where patentee did not offer its own claim construction or concede record was sufficient for court to conduct its own construction, in light of court's recognition of its duty to "adopt the construction of the claims most favorable to the patentee" and defendants' burden to show that "only plausible construction is one that, by clear and convincing evidence, renders the subject matter ineligible (with no factual inquiries)"); *Modern Telecom Sys. LLC v. Earthlink, Inc.*, 2015 WL 1239992, at *9 (C.D. Cal. Mar.17, 2015) (finding defendants failed to meet burden to show ineligibility because their "argument amounts to a recitation of the elements of each representative

claim followed by a conclusory characterization of the claims as 'unlimited,' 'so abstract and sweeping as to cover any and all uses of them,' and 'recit[ing] nothing more than an ineligible concept'").

The Court finds this dispute falls within the second category. While Defendant seeks to invalidate the entirety of the '572 Patent, it has not met its burden to show, as a matter of law, that every possible plausible construction of each of the forty-nine claims asserted therein render the patent ineligible. Prior to a claim construction hearing the Court is unable to assess whether the '572 Patent is directed at an abstract idea or, if it is, whether the '572 Patent claims a sufficiently inventive concept to render it a patent-eligible application. As such assessments are necessary to determine if Patent '572 is invalid under Section 101, the Court finds dismissal at this stage not warranted.

## V.  CONCLUSION

The Court hereby **DENIES** the Motion to Dismiss of Defendant Facebook, Inc. (Clerk's Dkt. #19).

**SIGNED** on October 8, 2015.

ROBERT L. PITMAN
UNITED STATES DISTRICT JUDGE