IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| A PTY LTD., | § § § | |
| Plaintiff, | § § | |
| v. | § | 1:15-CV-156 RP |
| FACEBOOK, INC., | § § § | |
| Defendant. | § § | |

## ORDER

Before the Court is Plaintiff's Motion for Relief from Final Judgment Pursuant to Federal Rule of Civil Procedure Rule 60(b)(6) (Dkt. 56), Defendant Facebook, Inc.'s response, and Plaintiff's reply. After reviewing these filings, the relevant law, and the record in the case, the Court denies Plaintiff's motion.

## I. PROCEDURAL BACKGROUND

The Court entered final judgment in this case on February 29, 2016 after granting Defendant Facebook, Inc.'s Motion for Judgment on the Pleadings and dismissing Plaintiff's claims. On March 29, 2016, Plaintiff A Pty Ltd. appealed the Court's entry of final judgment and order granting Defendant judgment on the pleadings to the Federal Circuit. That appeal is still pending. On June 3, 2016, Plaintiff filed its motion for relief from final judgment with this Court, arguing that that the Court should grant the motion despite the pending appeal because of extraordinary circumstances raised by the Federal Circuit's recent opinion in *Enfish, LLC v. Microsoft Corp.*, 822 F.3d 1327 (Fed. Cir. May 12, 2016). Plaintiff argues that *Enfish* changes the existing 35 U.S.C. § 101 analysis on which this Court's prior ruling turned.

Defendant filed a response on June 22, 2016 arguing that *Enfish* does not alter existing law regarding the application of § 101, nor does it undermine this Court's prior ruling regarding the

1

claims in this case. Further, Defendant argues that the extraordinary circumstances that are required for the Court to grant Plaintiff's Rule 60(b)(6) motion are not present here. The Court will first consider whether it has jurisdiction to entertain Plaintiff's Rule 60(b)(6) motion, and if so, it will turn to the merits of Plaintiff's motion.

## II. JURISDICTION

Pursuant to Federal Rule of Civil Procedure 60(b)(6), "the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . any . . . reason that justifies relief." Fed. R. Civ. P. 60(b)(6). While the rule provides that "[a] motion under Rule 60(b) must be made within a reasonable time," there is no express deadline for a Rule 60(b)(6) motion. Fed. R. Civ. P. 60(c). Typically, a "perfected appeal divests the district court of jurisdiction." *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 329 (5th Cir. 2004) (quoting *Winchester v. U.S. Att'y for S. Dist. Of Tex.*, 68 F.3d 947, 950 (5th Cir. 1995)). Federal Rule of Civil Procedure 62.1 outlines when a district court may entertain a motion for relief that is otherwise barred by a pending appeal:

> (a) Relief Pending Appeal. If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may:
>
>> (1) defer considering the motion;
>>
>> (2) deny the motion; or
>>
>> (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.
>
> (b) Notice to the Court of Appeals. The movant must promptly notify the circuit clerk under Federal Rule of Appellate Procedure 12.1 if the district court states that it would grant the motion or that the motion raises a substantial issue.
>
> (c) Remand. The district court may decide the motion if the court of appeals remands for that purpose.

Fed. R. Civ. P. 62.1; *see, e.g.*, *Lairsey v. Advance Abrasives Co.*, 542 F.2d 928, 930 (5th Cir. 1976) ("[T]his circuit, along with other circuits and the commentators, has expressly recognized power in the

2

district court to consider on the merits, and deny, a 60(b) motion filed after a notice of appeal, because the court's action is in furtherance of the appeal.").[1] Because Plaintiff has a pending appeal in this case, the Court may consider and deny Plaintiff's Rule 60(b)(6) motion, or instead, it may indicate that Plaintiff's motion raises a substantial issue or that it intends to grant the motion to allow Plaintiff to request a remand. Thus, the Court will consider whether relief under Rule 60(b)(6) is warranted in this case.

### III. ANALYSIS

Rule 60(b)(6) allows the court to relieve a party from final judgment for "any . . . reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Both parties relied on the Fifth Circuit's interpretation of this rule in briefing. Defendant suggests, however, that "Federal Circuit law likely governs the issue of whether *Enfish* constitutes the sort of change in law that might justify Rule 60(b)(6) relief." (Def.'s Resp. at 9 n.5; Dkt. 59).

The Federal Circuit has explained that "[w]hen reviewing non-patent issues," including some rulings under Rule 60(b), its "general practice is to apply the law of the regional circuit." *Fiskars, Inc. v. Hunt Mfg. Co.*, 279 F.3d 1378, 1381 (Fed. Cir. 2002). Federal Circuit law applies, however, "when a district court's ruling under Rule 60(b) turns on substantive issues unique to patent law." *Lazare Kaplan Int'l, Inc. v. Photoscribe Techs., Inc.*, 714 F.3d 1289, 1293 (Fed. Cir. 2013). This provides for "consistent and uniform application by district courts when handling patent cases." *Id.* at 1293.

Here, Plaintiff's argument that Rule 60(b)(6) relief should be granted hinges on the application and scope of a recent opinion from the Federal Circuit interpreting § 101, which provides for what inventions are patentable. The Court will therefore seek to apply the law of the Federal Circuit to this case. *See id.*; *see also Fiskars*, 279 F.3d at 1381 (applying Federal Circuit law to a

---

[1] Federal Rule of Civil Procedure 62.1, which became effective in December 2009, largely codified the existing procedure by which a district court addressed a Rule 60(b) motion while an appeal is pending. *Lopez Dominguez v. Gulf Coast Marine & Assocs., Inc.*, 607 F.3d 1066, 1074 n.5 (5th Cir. 2010).

rule 60(b) motion where "resolution of th[e] issue necessarily requires an understanding of the distinctive characteristics of patent damages law"); *Broyhill Furniture Indust., Inc. v. Craftmaster Furniture Corp.*, 12 F.3d 1080, 1083 (Fed. Cir. 1993) (applying Federal Circuit law to "district court's Rule 60(b) ruling [because it] turn[ed] on substantive matters that are unique to patent law"). The Federal Circuit has noted, however, that its case law applying rule 60(b)(6) is limited. *Fiskars*, 279 F.3d at 1381 ("[W]e have not previously had occasion to consider Rule 60(b)(6) as a matter of Federal Circuit law."). The Federal Circuit has thus relied on both the law of the circuit in which the district court it is reviewing sits and the law of other circuits when considering Rule 60(b) motions. *Id.* (relying on Seventh Circuit law as persuasive); *Lazare*, 714 F.3d at 1293 (relying on Second Circuit law as persuasive). Thus, the Court will rely on cases from the Fifth Circuit, and other circuits, as persuasive to the extent needed.

Rule 60(b) outlines six grounds for relief from final judgment. *Fiskars*, 279 F.3d at 1382. Relief under subsection (6), a catchall provision, is available for any reason that justifies relief, but is only available "when the basis for relief does not fall within any of the other subsections of Rule 60(b)." *Id.* Rule 60(b)(6) relief is limited to cases involving "extraordinary circumstances." *Lazare*, 714 F.3d at 1295; *see also Batts v. Tow-Motor Forklift Co.*, 66 F.3d 743, 747 (5th Cir. 1995). Further, "any relief provided by a district court [on a Rule 60(b) motion] is discretionary." *Lazare*, 714 F.3d at 1295.

Plaintiff argues that those "extraordinary circumstances" have been sufficiently met by a recent change in case law brought about by the Federal Circuit's decision in *Enfish LLC v. Microsoft Corp.*, 822 F.3d 1327 (Fed. Cir. May 12, 2016). (Pl.'s Mot. for Relief at 2; Dkt. 56). While the Federal Circuit appears to have not directly addressed whether a change in decisional law can be a sufficient

4

basis for granting a Rule 60(b)(6) motion,[2] the Fifth Circuit has provided some guidance on the issue.

In *Batts v. Tow-Moto Forklift Co.*, 66 F.3d 743 (5th Cir. 1995), the Fifth Circuit explained that "[a]bsent some showing of extraordinary circumstances, courts have refused to vacate their prior judgments where they correctly applied federal law, and a subsequent Supreme Court ruling changed the law." *Id.* at 748 (citing *Travelers Indem. Co. v. Sarkisian*, 794 F.2d 754, 756 (2d Cir. 1986)). Similarly, "[a] circuit court's announcement of a new rule of federal law . . . is . . . insufficient without more to justify Rule 60(b)(6) relief." *Id.* at 749 (citing *Ashland Oil, Inc. v. Delta Oil Prods. Corp.*, 806 F.2d 1031, 1033–34 (Fed. Cir. 1986) (applying Seventh Circuit law)). Thus, in *Batts*, the Fifth Circuit concluded that a district court abused its discretion when it granted a Rule 60(b)(6) motion based on a change in Mississippi state products liability law from the consumer-expectations test to the risk-utility test. *Id.* at 747–48.

The Fifth Circuit did not foreclose the possibility, however, that a change in decisional law could be an extraordinary circumstance. *Id.* at 748 n.6. Further, it indicated that cases "where an appeal or remand of the case is still pending," may be particularly appropriate for relief under Rule 60(b)(6). *Id.* at 748 n.6.

Other circuits have similarly indicated that a change in decisional law is rarely considered an extraordinary circumstance. *E.g.*, *O'Callaghan v. Shirazi*, 204 F. App'x 35, 36 (1st Cir. 2006) ("Ordinarily, a change in decisional law is not considered an 'extraordinary circumstance' justifying relief from judgment."); *Stevens v. Miller*, 676 F.3d 62, 69 (2d Cir. 2012) ("[A] change in decisional law rarely constitutes the 'extraordinary circumstances' required to prevail on a Rule 60(b)(6) motion."); *Cox v. Horn*, 757 F.3d 113, 115, 120–26 (3d Cir. 2014) ("We agree that, for relief to be granted under

---

[2] The Federal Circuit has only addressed the issue when applying the law of other circuits. *See Ashland Oil, Inc. v. Delta Oil Prods. Corp.*, 806 F.2d 1031, 1032–34 (Fed. Cir. 1986) (applying case law from the Seventh Circuit to a Rule 60(b)(6) motion).

5

Rule 60(b)(6), 'more' than the concededly important change of law wrought by [recent case law] is required—indeed, much 'more' is required."); *Stokes v. Williams*, 475 F.3d 732, 735 (6th Cir. 2007) ("[I]t is well established that a change in decisional law is usually not, by itself, an 'extraordinary circumstance' meriting Rule 60(b)(6) relief."); *Ritter v. Smith*, 811 F.2d 1398, 1401 (11th Cir. 1987) ("Our investigation thus leads us to conclude that something more than a 'mere' change in the law is necessary to provide the grounds for Rule 60(b)(6) relief."); *see also Agostini v. Felton*, 521 U.S. 203, 239 (1997) ("Intervening developments in the law by themselves rarely constitute the extraordinary circumstances required for relief under Rule 60(b)(6)."). Instead, an extraordinary circumstance may exist where a change in decisional law has occurred and an application of equitable principles to the case calls for post-judgment relief. *E.g.*, *Cox v. Horn*, 757 F.3d 113, 120 (3d Cir. 2014) ("[C]ourts are to dispense their broad powers under 60(b)(6) only in 'extraordinary circumstances where, without such relief, an extreme and unexpected hardship would occur'"); *Salazar ex rel. Salazar v. D.C.*, 633 F.3d 1110, 1115, 1120 (D.C. Cir. 2011) (noting that Rule 60(b)(6) was intended to embody equitable principles that existed prior to the rule's creation and that "a more compelling showing of inequity or hardship is necessary to warrant relief under subsection (6)").

After closely reviewing *Enfish,* and judicial opinions and administrative guidance interpreting it, the Court concludes that Rule 60(b)(6) relief is not warranted in this case. In *Enfish*, the Federal Circuit reviewed a district court decision holding that "several patents related to a 'self-referential' database" were "not directed to an abstract idea," thus patent ineligible under § 101. *Enfish*, 822 F.3d at 1329. The Federal Circuit overruled the district court's decision that the patents were invalid under § 101. *Id.* at 1339. In doing so, the Federal Circuit elaborated on its understanding of *Alice Corp. Pty. Ltd. v. CLS Bank Int'l*, 134 S.Ct. 2347 (2014), which addressed the "framework for distinguishing patents that claim . . . abstract ideas from those that claim patent-eligible applications of those [ideas]." *Alice*, 134 S.Ct. at 2355. This framework involves "first determin[ing] whether the

claims at issue are directed to a patent-ineligible concept," such as an abstract idea, *Enfish*, 822 F.3d at 1334 (quoting *Alice*, 134 S.Ct. at 2355), then considering whether the elements of the claim "contain[] an 'inventive concept' sufficient to 'transform' the claimed abstract idea into a patent eligible application." *Alice*, 134 S.Ct. at 2357.

Importantly, *Enfish* did not depart from this framework. Instead, it emphasized that "the first step of the inquiry is a meaningful one," and that "every routinely patent-eligible claim" involves or can be reduced to some patent-ineligible concept. *Enfish*, 822 F.3d at 1335. Thus, the relevant inquiry at step one is "whether [the claim's] character as a whole is directed to excluded subject matter." *Id.*

Although the Supreme Court in *Alice* determined that the claims in that case, which purported to improve computer-related technology, were abstract, the Federal Circuit in *Enfish* made clear that *Alice* did not "hold that all improvements in computer-related technology are inherently abstract." *Id.* Instead, in cases where the claims are related to computer-technology, "the first step in the *Alice* inquiry . . . asks whether the focus of the claims is on the specific asserted improvement in computer capabilities . . . or, instead, on a process that qualifies as an 'abstract idea' for which computers are invoked merely as a tool." *Id.* at 1336. The Federal Circuit in *Enfish* ultimately concluded that the claims at issue in the case were "directed to a specific implementation of a solution to a problem in the software arts" and thus "not directed to an abstract idea." *Id.* at 1339.

The Federal Circuit's opinion in *Enfish*, without more, does not give rise to an "extraordinary circumstance" that warrants relief under Rule 60(b)(6). Plaintiff incorrectly asserts that *Enfish* "explained that the previous analogical approach was flawed."[3] (Pl.'s Mot. for Relief at 6; Dkt. 56.) Instead *Enfish* regularly and repeatedly invokes existing precedent and makes clear that its analysis is not a departure from that precedent, but fits within the existing framework. As the Federal Circuit

---

[3] In fact, *Enfish* suggested that the district court's analysis was flawed, relying in part on *Alice* to do so. *See Enfish*, 822 F.3d at 1337 (citing *Alice*, 134 S.Ct. at 2354).

itself explained, *Enfish* helped to "clarif[y]" the "relevant inquiry at step one" of the § 101 analysis. *In re TLI Commc'ns LLC Patent Litig.*, 823 F.3d 607, 612 (Fed. Cir. May 17, 2016); *see also Elec. Power Grp., LLC v. Alstom S.A.*, --- F.3d ---, 2016 WL 4073318, at *4 (Fed. Cir. Aug. 1, 2016) (describing *Enfish* as relying "on the distinction made in *Alice* between, on one hand, computer-functionality improvements and, on the other, uses of existing computers as tools in aid of processes focused on 'abstract ideas'"). Further, in a guidance memorandum to patent examiners, the United States Patent and Trademark Office similarly described *Enfish* as "provid[ing] additional information and clarification on the inquiry for identifying abstract ideas." (Def.'s Resp. Ex. A at 1; Dkt. 59-1.) That same guidance also made clear that *Enfish* "**does not change the subject matter eligibility framework**." (*Id.* (emphasis added).)

Case law that simply clarifies and elaborates on existing law is not the type of change in law that federal courts of appeal have suggested might warrant Rule 60(b)(6) relief. In *Batts*, the Fifth Circuit found that even a more substantial change in law—one that did change the relevant framework for analyzing products liability cases—did not warrant such relief. *Batts*, 66 F.3d at 747–49.

In addition, the particular circumstances of this case do not make it "extraordinary." Plaintiff's appeal before the Federal Circuit is pending. Plaintiff suggests that this posture, alone, makes this case extraordinary, but the Court is unpersuaded. Nothing about a court of appeals decision that further elaborates on the law being issued after an appeal has begun is exceptional; it happens regularly. If, for example, a Supreme Court decision overruled *Alice* and created an entirely new structure for § 101 analysis, this Court might more seriously considering whether it should request a remand to reconsider the case under the newly established test.[4] The same would be true if Plaintiff persuasively argued that it would face particular hardship if the appeal proceeded as

---

[4] *See In re Celano*, No. CIV. A. 99-1061, 2000 WL 193068 (E.D. La. Feb. 15, 2000).

expected. But Plaintiff identifies no circumstances like these that make this case exceptional, thus its Rule 60(b)(6) motion must be denied.

## III. CONCLUSION

A motion for reconsideration under Rule 60(b)(6) is simply not warranted after mere clarifications in the law. Cases come along daily that help further develop and clarify the law, and undoubtedly some of these decisions could help bolster arguments that were previously rejected. But that does not mean district courts can continually reconsider their prior orders. This Court can only reconsider its orders where a party demonstrates that such relief is justified. *See* Fed. R. Civ. P. 60(b)(6). Here Plaintiff has identified no good justification for the Court to reconsider its prior order. Therefore, the Court **DENIES** Plaintiff's Motion for Reconsideration (Dkt. 56).

**SIGNED** on August 9, 2016.

_____

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE